

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2003

# Washington v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket 01-4196

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Washington v. Comm Social Security" (2003). *2003 Decisions.* Paper 843.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/843

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No: 01-4196

———————————

NATHAN WASHINGTON,

Appellant

v.

JOANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY ADMINISTRATION

———————————

Appeal from the United States District Court
from the Eastern District of Pennsylvania
(D.C. Civil Action No. 00-cv-03746)
District Judge: Honorable Anita B. Brody

———————————

Argued on September 9, 2002

Before: CHIEF JUDGE BECKER, ROTH
and RENDELL, Circuit Judges

(Opinion filed January 30, 2003)

Michael Patrick Boyle, Esquire (Argued)
123 S. Broad Street
Suite 2140
Philadelphia, PA 19109

      <u>Attorney for Appellant</u>


James A. Winn
      Regional chief Counsel, Reg. III
Margaret J. Krecke (Argued)
      Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
P.O. Box 41777
Philadelphia, PA 19101

Patrick L. Meehan
      United States Attorney
Joan K. Garner
      Assistant United States Attorney
Deputy Chief, Civil Division
Eastern District of Pennsylvania
610 Chestnut Street, Suite 1250
Philadelphia, PA 19106

      <u>Attorneys for Appellee</u>

# OPINION

ROTH, Circuit Judge:

Following exhaustion of his administrative remedies,[1] petitioner Nathan Washington brought this action seeking review of the Commissioner's denial of his claims for disability insurance benefits (DIB) and supplemental security income (SSI). On September 24, 2001, the District Court issued an Explanation and Order overruling Washington's objections to the Magistrate Judge's Report and Recommendation and granting summary judgment to the Commissioner. Washington now appeals this ruling. The District Court had subject matter jurisdiction to review the Commissioner's final determination pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), and we exercise appellate jurisdiction under 28 U.S.C. § 1291.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In denying the claims at issue, the ALJ ruled that Washington was not disabled within the meaning of the Act. This determination was based on the ALJ's finding

---

[1] The Administrative Law Judge (ALJ) issued his decision on April 2, 1999. This determination was affirmed by the Appeals Council and became final on July 7, 2000.

that, despite his mental and physical impairments, Washington possessed the residual functional capacity to perform limited light work.

Our review of a final determination by the Commissioner "is limited to determining whether that decision is supported by substantial evidence." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)). A finding of substantial evidence does not require "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Pierce v. Underwood, 487 U.S. 552, 108 S. Ct. 2541, 2545, 101 L. Ed.2d 490 (1988)). Accordingly, "[w]e will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." Id. For the reasons set forth more fully in the District Court's Explanation and Order, we believe there is substantial evidence to support the Commissioner's determination.

In reaching this conclusion, we reject Washington's contention that the ALJ committed a reversible error of law when he found that Washington does not suffer an impairment that meets or equals Listing of Impairment 12.04, which addresses affective disorders. A claimant attempting to meet the requirements of this Listing must show both evidence of one of the listed depressive disorders and evidence that the disorder results in, among other things, "[m]arked restriction of activities of daily living," "[m]arked difficulties in maintaining social functioning," or "[m]arked difficulties in maintaining concentration, persistence, or pace." Id. The burden is on Washington to show that his

4

condition meets these requirements, and he provides little evidence that this is the case. While it seems clear that Washington was depressed at some point in 1997 (Tr. at 168), it is also clear that, as a result of taking Paxil, he was no longer depressed in 1998. (Tr. at 167). There is other substantial evidence to support the ALJ's determination that Washington did not meet the 12.04 requirements. Agency psychologists, for example, determined that Washington's depression did not meet or equal the requirements. (Tr. at 81). Despite the fact that Dr. Goode concluded in 1997 that Washington had a depressive disorder (Tr. at 157-58), the weight of the evidence in the record indicates that he does not meet the requirements of 12.04.

We also note as persuasive the following points made by the District Court in support of its decision to overrule Washington's objections to the Magistrate Judge's Report and Recommendation. First, as required by our precedent, the ALJ gave serious consideration to Washington's subjective complaints regarding the painful side effects of his medication. See Green v. Schweiker, 749 F.2d 1066, 1068 (3d Cir. 1984). He nevertheless chose not to credit those aspects of Washington's testimony that were not strongly supported by the medical evidence. Accordingly, the ALJ's conclusion that the side effects did not prohibit Washington from performing certain types of work was properly based on his determination regarding the credibility of the testimony offered. See Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983).

Second, in light of the ALJ's determination that he was not disabled, Washington's history of substance abuse problems was not directly relevant to the outcome of his case.

5

See 20 C.F.R. § 416.935 (requiring that disability determination be made prior to any consideration of whether substance abuse is a contributing factor to claimant's disability). Therefore, the District Court properly determined that the ALJ's apparent consideration of Washington's substance abuse does not amount to reversible error.

Finally, the District Court, citing the applicable standard of review, characterized Washington's objection to the ALJ's finding regarding the severity of his mental problems as nothing more than "a fundamental disagreement with the conclusion reached by the ALJ." As the District Court correctly noted, the standard of review does not allow it to second-guess the conclusions reached by the ALJ if they are supported by substantial evidence. Furthermore, our review of the record reveals ample evidentiary support for the ALJ's conclusions. The medical evidence simply does not support a finding that Washington's depression is "severe," as required by the applicable regulations, and the reports of Drs. Kurlansik and Lowey, which do not directly contradict the ALJ's determination at any rate, were never moved into evidence by Washington's counsel.

Accordingly, having reviewed the record, we agree with the District Court's determination that there is substantial evidence to support the decision reached by the Commissioner. Additionally, we note that Washington waived many of the remaining arguments asserted in his brief by failing to raise them before the District Court. See Krysztoforski v. Chater, 55 F.3d 857, 860-61 (3d Cir. 1995). We therefore decline to address the following issues: (1) whether he satisfies Listing 12.05C of the Listing of Impairments; (2) whether a conflict exists between the testimony of the vocational expert

6

and the job classifications contained in the Dictionary of Occupational Titles; and (3) whether the ALJ adequately conducted the individualized inquiry mandated by Social Security Ruling 85-15.

For the reasons stated herein, we will affirm the District Court's order granting summary judgment to the Commissioner.

_____ /s/ Jane R. Roth_____
CIRCUIT JUDGE