

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2003

# Marshall v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3984

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Marshall v. Comm Social Security" (2003). *2003 Decisions.* Paper 370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3984
_____

MARY A. MARSHALL

Appellant,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-5031)
District Judge:  The Honorable Berle M. Schiller

_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2003

BEFORE: NYGAARD and SMITH, Circuit Judges and IRENAS,[*] Senior District Judge.


(Filed July 14, 2003)


_____

[*]     Honorable Joseph E. Irenas, Senior District Judge for the United States District
Court for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

IRENAS, <u>Senior</u> <u>District</u> <u>Judge</u>.

Appellant, Mary A. Marshall ("Marshall"), appeals from an order entered in the District Court on August 28, 2002, affirming the decision of the Commissioner of Social Security ("Commissioner") denying Marshall's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction on appeal pursuant to 28 U.S.C. § 1291. We will reverse and remand the cause for further proceedings.

We need not burden the record by setting forth a detailed recitation of the background for this appeal and will therefore limit our discussion to resolution of the issues presented. Marshall filed her third application for disability on April 18, 1996, alleging disability since January 1, 1993, due to diabetes, high blood pressure, and chronic lymphedema. Marshall's application was denied initially on May 29, 1996, and upon reconsideration on November 2, 1996. The appeal to the Administrative Law Judge ("ALJ") was heard on June 2, 1998, and on June 26, 1998, the ALJ denied Marshall's request for benefits. On July 15, 1998, Marshall sought review of the ALJ's decision before the Appeals Council, which three years later, denied review. Marshall then filed

suit in the District Court, which affirmed the administrative denial and Marshall now appeals.

Marshall alleges that the Commissioner committed several errors in rejecting her application. Although we have plenary review of all legal issues, *see Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995), "our review of the ALJ's decision is more deferential as we determine whether there is substantial evidence to support the decision of the Commissioner." *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). We have defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). As we have explained on numerous occasions, "our decisions make clear that determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence--particularly certain types of evidence (e.g., that offered by treating physicians)--or if it really constitutes not evidence but mere conclusion." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000). Despite the deference due in

3

disability benefit cases we retain a responsibility to scrutinize the entire record and to reverse or remand if the Commissioner's decision is not supported by substantial evidence. *Id.*

A claimant, in order to qualify for SSI, must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). The Commissioner evaluates each case according to a five-step sequential evaluation process until a finding of "disabled" or "not disabled" is made. *See* 20 C.F.R. § 416.920. The process is as follows: (1) if the claimant is currently engaging in substantial gainful activity, the claimant will be found not disabled and his application for disability benefits will be automatically denied; (2) if the claimant is not suffering from a "severe" impairment or combination of impairments the claimant will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. pt. 404, subpt. P, app. 1, and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the claimant is not suffering from an impairment that either meets or equals a listed impairment the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether the claimant can perform work the claimant has done in the past despite the severe impairment. If the claimant can

4

perform his or her past work, the claimant will be found not disabled; and (5) if the claimant cannot perform his or her past work, the Commissioner will consider the claimant's RFC, medical impairments, age, education, and past work experience to determine whether the claimant can perform other jobs existing in significant numbers in the national economy. 20 C.F.R. § 416.920; *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). The Claimant must prove steps one through four. If the claimant meets this burden, the burden of proof shifts to the Commissioner in step five to show that the claimant is capable of attaining substantial gainful employment that exists in the national economy. *Id*. In the instant case, the ALJ concluded that Marshall did not have a severe mental impairment, and although she cannot perform her past relevant work, which requires continuous standing and walking, other jobs exist in the national economy that she can perform considering her RFC, age, education, and work experience.

Marshall argues that (1) the ALJ's conclusion that she does not suffer from a severe impairment is unsupported by substantial evidence; (2) the ALJ's conclusions regarding her RFC were not supported by substantial evidence because no consultative examination was conducted; and (3) the ALJ improperly evaluated her credibility in concluding that her testimony regarding the intensity, persistence, and functionally limiting effects of her impairments was not fully credible. The primary issue before this Court is whether the ALJ had a sufficient basis to conclude that Marshall's RFC for the

5

full range of medium work was limited only by partial limitations on prolonged standing or walking.

In the instant case, the ALJ found that despite her borderline intellectual functioning, dysthymia, and diabetes Marshall has no significant physical or non-exertional limitations such as would limit her occupational base. (ALJ's Decision at 6, Tr. 16; App. Br. at 7-8). However, the ALJ erred in applying the diagnosis of the consulting psychologist, Dr. Sol Barenbaum, Ph.D., who explained that Marshall "is capable of carrying out normal routines and activities and may work at a consistent, but slow, pace." (ALJ's Decision at 3, Tr. 13; App. Am. Rep. Br. at 1). Here the ALJ clearly took the term "pace" out of context in reaching the conclusion that Marshall has no significant limitations with regard to the pace at which she may work. The ALJ also failed to give serious consideration to the observations drawn by several of Marshall's doctors and the Social Security interviewer, all of whom commented on the slow pace at which Marshall operates. In addition, despite the ALJ's conclusion that Marshall's lymphedema was severe, there is no evidence in the record of the correlation between the medical evidence related to her lymphedema and her RFC. Lastly, although it is well settled that "[a]n ALJ must give serious consideration to a claimant's subjective complaints of pain, even where those complaints are not supported by objective evidence," *Mason v. Shalala*, 994 F.2d 1058, 1067 (3d Cir. 1993) (citing *Ferguson v.*

*Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985)), the record reveals that there has been no serious evaluation of Marshall's lymphedema or her claims of depression.

Therefore, since the ALJ had no sufficient basis upon which to conclude that Marshall's RFC for the full range of medium work was limited only by partial limitations on prolonged standing or walking, we conclude that the ALJ's decision is not supported by substantial evidence. Accordingly, we will reverse the District Court's order and remand the cause to the District Court with instructions to remand to the Commissioner of Social Security, for further proceedings not inconsistent with this opinion.

TO THE CLERK:

Please file the foregoing opinion.


                /s/ Joseph E. Irenas_____
                Senior District Judge

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-3984
_____

MARY A. MARSHALL

Appellant,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 01-cv-5031)
District Judge:  The Honorable Berle M. Schiller

_____

Submitted Under Third Circuit LAR 34.1(a)
July 11, 2003

BEFORE: NYGAARD and SMITH, <u>Circuit</u> <u>Judges</u> and IRENAS,<sup>**</sup> <u>Senior</u> <u>District</u> <u>Judge</u>.

_____

JUDGMENT
_____

<hr>

**       Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

This cause came to be considered on the record from the United States District Court for the Eastern District of Pennsylvania and was submitted pursuant to Third Circuit LAR 34.1(a) on July 11, 2003.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this Court that the order of the said District Court entered on August 28, 2002, be reversed, and is hereby remanded.

All of the above in accordance with the opinion of this Court.

ATTEST:

_____
Clerk

Date: July 14, 2003

2