

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-1995

# Krysztoforski v Chater

Precedential or Non-Precedential:

Docket 94-1886

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Krysztoforski v Chater" (1995). *1995 Decisions.* Paper 136.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/136

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
─────────────────────

No. 94-1886
─────────────────────

JOSEPH KRYSZTOFORSKI,




<u>Appellant</u>,

v.

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL SECURITY,

<u>Appellee</u>
─────────────────────

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 93-5228)
─────────────────────

Argued May 2, 1995

Before: MANSMANN, SCIRICA, and SAROKIN, <u>Circuit Judges</u>

(Filed May 22, 1995)
─────────────────────

B. Adam Sagan
Flager & Sagan
1210 Northbrook Drive
Suite 280
Trevose, PA 19053

James B. Mogul (argued)
Sagan & Greenberg
3260 Tillman Drive
Suite 120
Bensalem, PA 19020
          <u>Attorneys for Appellant</u>

Margaret J. Krecke (argued)
Department of Health & Human
Services
DHHS/OGC/Region III
3535 Market Street
P.O. Box 13716, Room 9100
Philadelphia, PA 19101
       Attorney for Appellee

---

OPINION OF THE COURT

---

PER CURIAM.

The issues presented are whether workers' compensation benefits for specific loss of use of a particular body part constitute "disability" benefits for purposes of offset against Social Security Disability Insurance ("SSDI") benefits and whether workers' compensation for one injury may be offset against SSDI benefits for a separate, unrelated injury. We conclude that the compensation paid is a disability benefit, and that offset is appropriate even if the benefits arise from unrelated injuries or disabilities.

**I.**

On January 27, 1989, plaintiff Joseph Krysztoforski injured his left ankle and foot and was awarded weekly worker's compensation benefits of $ 306.66. See 77 Pa.C.S.A. § 101, et seq. His ankle improved, and he planned to return to work.

On October 27, 1989, he suffered a cerebral vascular accident ("stroke"), leaving him permanently paralyzed and unable to speak. As a result of the effects of his stroke, plaintiff received SSDI benefits of $ 852.70 per month from the onset date of October 27, 1989. According to the formula in 42 U.S.C. §

424a, his worker's compensation payments were subtracted from his SSDI benefits.

He continued to receive workers' compensation benefits for his ankle and foot injury until early November 1990 when plaintiff and his employer stipulated that this disability had resolved into a specific loss of the use of his left foot, and he was awarded $ 306.66 per week for 250 weeks from December 5, 1990. He requested these payments in a lump sum of $ 76,665.00, which he was granted on December 6, 1990.

After plaintiff received his lump sum award, the Secretary, pursuant to 42 U.S.C. § 424a(b), prorated the lump sum at $ 260.66 per week through September 1995, for a total of 250 weeks, and continued to offset that amount against his SSDI benefits. Plaintiff objected to the offset which was affirmed upon reconsideration. He filed a timely request for a hearing before the administrative law judge ("ALJ") who determined that the offset was proper.

The Appeals Council denied plaintiff's request for review of the ALJ's decision which became the final decision of the Secretary. Having exhausted his administrative remedies, plaintiff appealed to federal district court which had jurisdiction under 42 U.S.C. § 405(g) and adopted a magistrate judge's report and recommendation to affirm the ALJ's decision. Plaintiff has filed a timely notice of appeal to this court. We exercise jurisdiction pursuant to 28 U.S.C. § 1291.

## II.

The court must accept the ALJ's factual findings if there is substantial evidence to support them. Van Horn v. Schweiker, 717 F.2d 871, 873 (3d Cir. 1983). Our review is plenary as to the Secretary's application of the law. Wilkerson v. Bowen, 828 F.2d 117, 119 (3d Cir. 1987).

## III.

The Social Security Act ("Act") provides that any person who is "disabled" as defined in the Act is eligible for SSDI benefits. 42 U.S.C. § 423(a). The Secretary determined that plaintiff is disabled and eligible for benefits. However, the Act limits the amount of benefits an individual may receive from both SSDI and workers' compensation. 42 U.S.C. § 424a; Richardson v. Belcher, 404 U.S. 78 (1971).

Section 424a provides in pertinent part:

> (a) If for any month prior to the month in which an individual attains the age of 65 —
> (1) such individual is entitled to benefits under section 423 of this title, and
> (2) such individual is entitled for such month to —
> (A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State, . . . .
> the total of his benefits under section 423 of this title for such month . . . based on his wages and

> self-employment income shall be
> reduced (but not below zero) by the
> amount by which the sum of --
> (3) such total of benefits under
> section[] 423 . . . of this title
> for such month, and
> (4) such periodic benefits payable
> (and actually paid) for such month
> to such individual under such laws
> or plans, exceeds the higher of --
> (5) 80 per centum of his "average
> current earnings", or
> (6) the total of such individual's
> disability insurance benefits under
> section 423 of this title for such
> month . . . based on his wages and
> self-employment income, prior to
> reduction under this section.

42 U.S.C. § 424a(a).

As a preliminary matter, we hold that federal law governs in determining whether a workers' compensation loss-of-use award should be offset against SSDI benefits. Section 424a does not refer or defer to state law for the determination of whether a person's periodic workers' compensation benefits are subject to offset. Plaintiff's claim that Pennsylvania law applies to the issue of whether the offset itself is appropriate is without merit, but we agree with plaintiff that we should look to state law to inform the nature of the workers' compensation payments, particularly whether the benefits were for "total or partial disability . . . under a workmen's compensation law or plan." 42 U.S.C. § 424a(a)(2)(A). Neither the statute nor the regulations provide a definition of "disability" for purposes of § 424a. "Where Congress uses terms that have accumulated settled

meaning under either equity or the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms."  NLRB v. Amax Coal Co., Div. of Amax, Inc., 453 U.S. 322, 329 (1981).

The Pennsylvania Workmen's Compensation Act ("Act") provides benefits for three general classifications of injured workers:  (1) total disability under § 306(a) of the Act, 77 Pa.C.S.A. § 511; (2) partial disability under § 306(b); 77 Pa.C.S.A. § 512; and (3) disability from permanent injuries of certain classes under § 306(c), 77 Pa.C.S.A. § 513.  Plaintiff's benefits arose from § 513 which provides in pertinent part:

> For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: . . . (4) For the loss of a foot, sixty-six and two-thirds per centum of wages during two hundred fifty weeks.

77 Pa.C.S.A. § 513.

Plaintiff claims that benefits for specific loss of use of his foot do not constitute disability benefits.  He asserts that he was entitled to his workers' compensation "whether or not he had missed any time from gainful employment" and that this is contrary to the purpose of disability payments -- to compensate for lost earning potential.  Pltf. Br. at 7.  Plaintiff refers to § 513 as compensating "statutory disability."  He argues the specific loss workers' compensation benefits were not paid for any actual disability and hence were not disability benefits.

Pennsylvania workers' compensation case law has defined "disability" as "'the loss, total or partial, of earning power'" resulting from a work-related injury. Kachinski v. Workmen's Compensation Appeal Bd. (Vepco Constr. Co.), 516 Pa. 240, 248 (1987)(quoting Woodward v. Pittsburgh Engineering and Construction Co., 293 Pa. 338, 340 (1928)). Although plaintiff is correct that permanent injury benefits are not dependent upon loss of earnings, § 513 benefits encompass "all disability" which may arise from a permanent injury, including inability to work if such were to result from the injury. See Killian v. Heintz Div. Kelsey Hayes, 468 Pa. 200, 204-06 (Pa. 1976).

Thus, "by awarding benefits even where there is no actual loss of earnings, § 306(c) [§ 513] creates a presumption that there is disability associated with a specific loss." Sun Oil Co. v. Workmen's Compensation Appeal Board (Davis), 144 Pa. Commw. 51, 54-55 (Pa.Comm.Ct. 1991); see also Davidson v. Sullivan, 942 F.2d 90, 95 (1st Cir. 1991)(a statutorily prescribed award for permanent injury "compensates for a conclusively presumed wage loss" and is subject to offset). This interpretation makes sense given that a worker who suffers a permanent injury is not able to recover separately for loss of use under § 513 and for loss of earnings. See Carnevali v. Heckler, 616 F.Supp. 1500, 1504 (W.D.Pa. 1985)("Compensation received under 77 P.S. § 513 makes an individual ineligible for

partial or total disability compensation under 77 P.S. § [sic.] 511 and 512").

Although plaintiff emphasizes the fact that a worker could receive § 513 benefits and continue to work at her job, § 513 permanent injury benefits clearly include compensation in the event of lost earnings and hence constitute disability benefits for purposes of offset under § 424a.

Plaintiff mentions Senator Edward M. Kennedy's criticism of offsetting permanent injury benefits during debate of the Social Security Amendments of 1965.  However, the Senator's comments were not incorporated into the statute, and as the First Circuit remarked, the "'unfortunate effects'" of reducing the worker's benefits were "contemplated by the offset provision as enacted, notwithstanding Senator Kennedy's criticism."  Davidson, 942 F.2d at 96.

We now turn to examining whether workers' compensation benefits for one injury may be offset against SSDI benefits for a separate, unrelated injury.  If the language of the statute is clear, we need not look to the legislative history.  Barnes v. Cohen, 749 F.2d 1009, 1013 (3d Cir. 1984)(citations omitted), cert. denied sub nom. Cohen v. Betson, 471 U.S. 1061 (1985).  A plain reading of § 424a calls for offset regardless of whether the benefits derived from identical or different injuries.  The statute simply does not make such distinctions.  See Kananen v. Matthews, 555 F.2d 667, 670 (8th Cir. 1977)("No portion of § 424a

limits its application to payments for a disability caused by the same physical or mental condition"); Campbell, 14 F.3d at 428 (following Kananen, supra).

> As we noted in Sciarotta v. Bowen,
>
> > Congress enacted § 424a because of concern about the concurrent receipt by many injured workers of both federal disability benefits and state workers' compensation benefits. See S. Rep. No. 404, 89th Cong., 1st Sess., reprinted in 1965 U.S. Code Cong. & Admin. News 1943, 2040 . . . . [T]he [Senate committee's] report makes clear that "the committee believes that it is desirable as a matter of sound principle to prevent the payment of excessive combined benefits." Id. at 2040.

837 F.2d 135, 138 (3d Cir. 1988). The clear intent of the statute was to preserve and protect a level of income for the disabled employee while avoiding a duplication of benefits irrespective of the cause of the disability. Accordingly we conclude that the offset at issue was proper.[1]

As to plaintiffs' argument that it was unreasonably excessive and harsh for the ALJ to prorate his lump sum award of $ 76,665.00 through September 1995, instead of over the course of his employment lifetime, we decline to entertain his argument

---

[1] In addition, plaintiff consistently refers to his workers' compensation benefits as a "lump sum," but there is no doubt that the lump sum award is "periodic benefits on account of his or her total or partial disability." 42 U.S.C. § 424a(a)(2). The lump sum award arose from plaintiff's own request to commute his 250 weeks of compensation. The Act specifically authorizes proration of commuted periodic payments. 42 U.S.C. § 424a(b).

since it was not raised before the ALJ or the district court. See, e.g., Salvation Army v. Department of Community Affairs, 919 F.2d 183, 196 (3d Cir. 1990); Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992); Keating v. Secretary of Health and Human Services, 848 F.2d 271, 275 (1st Cir. 1988). Plaintiff contends that we permitted the appellant in Sciarotta to raise a miscalculated proration allegation for the first time. His assertion is misleading: the appellant had raised the miscalculation issue before the district court, Sciarotta, 647 F.Supp. 132, 136 n.4 (D.N.J. 1986), and we reached the issue, noting that the district court "did not reach the miscalculation argument in the original proceedings," having disposed of the case on other grounds. 837 F.2d at 141 n. 9.

## IV.

For the foregoing reasons, we will affirm the district court's affirmance of the Secretary's final determination.

———————————————