Herman L. SMITH Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security.

No. 02–1675.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 1, 2002.

Decided Dec. 9, 2002.

Before NYGAARD and WEIS, Circuit Judges and IRENAS,* District Judge.

## OPINION OF THE COURT

IRENAS, District Judge.

Appellant, Herman Smith ("Smith"), appeals from an order entered in the District Court on January 4, 2002, affirming the decision of the Commissioner of Social Security ("Commissioner") denying Smith's application for disability insurance benefits under Title II of the Social Security Act ("Act"). Smith argues that the Administrative Law Judge ("ALJ") erred in determining that his impairment did not meet the criteria of an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The District Court exercised jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction on appeal pursuant to 28

U.S.C. § 1291. We will reverse and remand the cause for a rehearing.

We need not burden the record by setting forth a detailed recitation of the background for this appeal and will therefore limit our discussion to resolution of the issues presented. Smith, a multiple stroke victim who has hypertension and chronic lumbosacral sprain, suffered a stroke on March 7, 1996, which, according to Smith's treating physician, Dr. Jose C. Chua, left Smith with left-sided weakness and expressive aphasia. Furthermore, an MRI of Smith's brain revealed that he suffered multiple infarcts, indicating numerous simultaneous strokes located in his right middle cerebral artery.

At his hearing before the ALJ, Smith testified that after his stroke he had difficulties expressing himself. He stated that he could no longer work due to problems with his hand, arm and shoulder. However, the record contained conflicting medical evidence.

On July 6, 1998, the ALJ denied Smith's application for disability insurance benefits, holding that Smith was "not disabled" under the Act from March 7, 1996, through July 6, 1998. Smith sought review of the ALJ decision before the Appeals Council, which denied review. Smith then filed suit in the District Court which affirmed the administrative denial.

Smith alleges that the ALJ erred by: (1) failing to explain why appellant's impairments, alone or in combination, did not meet paragraph 4.03 or paragraph 11.04 of the listing of impairments; (2) rejecting a treating physician's medical opinion in favor of the ALJ's own medical opinion; (3) inventing a residual functional capacity assessment for light work activity while never informing his decision with findings

---

* Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

necessary to conclude that appellant was capable of light work activity; (4) rejecting appellant's subjective complaints without adhering to the Commissioner's mandates for such evaluation and rejecting those complaints on the basis of the ALJ's own observations and a vague reference to the record as a whole; and (5) impermissibly utilizing the vocational rules by finding that appellant, a multiple stroke victim, had absolutely no non-exertional impairments. Although we have plenary review of all legal issues, *see Krysztoforski v. Chater,* 55 F.3d 857, 858 (3d Cir.1995), "our review of the ALJ's decision is more deferential as we determine whether there is substantial evidence to support the decision of the Commissioner." *Knepp v. Apfel,* 204 F.3d 78, 83 (3d Cir.2000). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir.1999); *See* 42 U.S.C. § 405(g).

A claimant, in order to claim disability insurance benefits, must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Fargnoli v. Massanari,* 247 F.3d 34, 38–39 (3d Cir.2001). The Commissioner evaluates each case according to a five-step sequential evaluation process until a finding of "disabled" or "not disabled" is made. *See* 20 C.F.R. § 404.1520(a); *Sykes v. Apfel,* 228 F.3d 259, 262 (3d Cir.2000). The process is as follows: (1) if the claimant is currently engaging in substantial gainful activity, the claimant will be found not disabled and his application for disability benefits will be automatically denied; (2) if the claimant is not suffering from a "severe" impairment or combination of impairments the claimant will be found not disabled; (3) if a severe impairment meets or equals a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1 and has lasted or is expected to last continually for at least twelve months, then the claimant will be found disabled; (4) if the claimant is not suffering from an impairment that either meets or equals a listed impairment the Commissioner considers the claimant's residual functional capacity ("RFC") to determine whether the claimant can perform work the claimant has done in the past despite the severe impairment. If the claimant can perform his or her past work, the claimant will be found not disabled; and (5) if the claimant cannot perform his or her past work, the Commissioner will consider the claimant's RFC, medical impairments, age, education, and past work experience to determine whether the claimant can perform other jobs existing in significant numbers in the national economy. *Sykes,* 228 F.3d at 262–263. The Claimant must prove steps one through four. *Id.* at 262–263. If the claimant meets this burden, the burden of proof shifts to the Commissioner in step five to show that the claimant is capable of attaining substantial gainful employment that exists in the national economy. *Id.*

In the instant case, the ALJ found that Smith was not engaged in substantial gainful employment since March 7, 1996. At step two, the ALJ found that Smith's hypertension was not a severe impairment, but that the residuals from a stroke and low back pain were severe impairments. However, at the third step the ALJ found that Smith did not have a severe impairment or combination of impairments which met or equaled the criteria of any impairment set forth in the listing of impairments described in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ, in his analysis of the evidence in step three, merely not-

ed, "[t]he Claimant has no impairment which meets the criteria of any of the listed impairments described in Appendix 1 of the Regulations. Particular attention was given to listing 1.00 (musculoskeletal system) and 11.00 (neurological). No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." (ALJ's Decision at 6, Tr. 19; App. Br. at 11). Having found that Smith did not have an impairment which met the criteria of any of the listed impairments, the ALJ moved to step four. Here, the ALJ found that Smith was precluded from performing his past relevant work, but at step five, the ALJ determined that he could perform other work which existed in significant numbers in the national economy. Thus, the ALJ concluded that Smith was not disabled under the Act. Smith contends that the ALJ erred at step three in determining that Smith's impairments did not meet or equal in severity any of the impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.

As we have explained on numerous occasions, we are unable to conduct our substantial evidence review if the ALJ fails to identify the evidence he or she rejects and the reason for its rejection. *Walton v. Halter*, 243 F.3d 703, 710 (3d Cir.2001). The ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding. We require more than a mere conclusory statement that the claimant does not meet the listings. *See Burnett v. Commissioner of Social Sec. Admin.*, 220 F.3d 112, 119–120 (3d Cir.2000). This provides us with a means by which to assess whether "significant probative evidence was not credited or [was] simply ignored." *Id.* at 121; *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). In the instant case it is necessary for the ALJ to articulate how he came to his determination in step three, because Smith's impairments, caused by his multi-

ple strokes and lumbosacral sprain, support his subjective claims, as well as, the claims of his treating physician. However, in his decision, the ALJ failed to adequately identify the evidence he relied upon in determining that Smith's impairment did not meet or equal a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ also failed to identify the specific listing or listings he utilized for comparing the appellant's impairments. Furthermore, the ALJ did not discuss medical equivalence or identify which elements were missing from which criteria of the listing. Thus, we cannot discern the basis for the ALJ's finding at step three of the sequential evaluation.

It is unnecessary for us to determine whether Smith should be entitled to disability benefits or to examine all the evidence on record. Because the ALJ failed to adequately evaluate all relevant evidence and explain the basis of his conclusions, as well as, failed to explain his assessment of the credibility of, and weight given to, medical evidence and opinions from Smith's treating physician, it is impossible for us to determine if the ALJ based his opinion on substantial evidence. On remand, the ALJ must adequately identify and discuss the evidence relied upon in determining whether Smith's impairment meets or equals a listed impairment.

We conclude that the ALJ erred by failing to properly consider the evidence of record and adequately explain his decision. Accordingly, we will reverse the District Court's order and remand the cause to the District Court with instructions to remand to the Commissioner of Social Security, for further proceedings not inconsistent with this opinion.