

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2004

# McCauley v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"McCauley v. Comm Social Security" (2004). *2004 Decisions.* Paper 781.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/781

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-2342

JAMES MCCAULEY,
o/b/o
DEBORAH MCCAULEY, deceased

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 01-04953)
Honorable Dickinson R. Debevoise, District Judge

Submitted under Third Circuit LAR 34.1(a)
April 22, 2004

BEFORE: SCIRICA, Chief Judge, and ROSENN and GREENBERG, Circuit Judges

(Filed: April 23, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on appeal from an order entered in the

district court on March 11, 2003, affirming a decision of the Commissioner of Social

Security denying decedent Deborah McCauley's claim for disability payments. Even though Deborah McCauley died on April 11, 1997, and her husband is prosecuting these proceedings, as a matter of convenience we refer to the plaintiff-appellant simply as McCauley. The parties are familiar with the facts so we do not set them forth at length. The appeal is unusual in that the Commissioner confesses error and requests that we remand the case for further proceedings.

The following procedural steps were taken in this case. McCauley applied for disability benefits on January 18, 1995. The Commissioner denied her application initially and on reconsideration following which McCauley requested a hearing which was held on July 8, 1996. After an ALJ made a decision that McCauley was not disabled she successfully sought review from the Appeals Council which remanded the matter. Subsequently, on December 17, 1998, there was a new hearing before a different ALJ who on June 17, 1999, issued a new decision denying benefits at the second step of the familiar five-step sequential evaluation process for determining whether a claimant is under a disability. See 20 C.F.R. § 404.1520; Williams v. Sullivan, 970 F.2d 1178, 1180 (3d Cir. 1992). McCauley then again sought review before the Appeals Council but this time she was not successful and thus the ALJ's decision became final.

McCauley then instituted an action in the district court seeking review of the final decision pursuant to 42 U.S.C. § 405(g). Eventually the district court entered an order affirming the Commissioner on March 11, 2003, following which McCauley appealed to

this court pursuant to 28 U.S.C. § 1291. We exercise plenary review over the order of the district court, see Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000), and plenary review over legal questions, see Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995). While we routinely review the factual component of a decision of the Commissioner to determine if it is supported by substantial evidence, see Richardson v. Perales, 402 U.S. 389, 390, 91 S.Ct. 1420, 1422 (1971), that principle is of limited significance here as the ALJ denied McCauley's claim at the second step of the sequential evaluation process and we are reversing the district court's decision affirming that disposition and directing a remand to the Commissioner for further proceedings. Thus, except for the finding at the first step of the sequential analysis, i.e., McCauley was not engaging in substantial activity, a finding she obviously accepts, we do not have factual findings to review.

The determination that we must make is whether we should direct the district court to order an award of benefits, as McCauley urges, or whether we should direct that court to remand the case to the Commissioner for further proceedings, as she urges. We are satisfied that even though there has been a substantial record developed here, still the record should be expanded further by the retention of a medical expert by the ALJ, because, as the Commissioner acknowledges, and as our opinion in Newell v. Commissioner, 347 F.3d 541 (3d Cir. 2003), makes clear, the date of McCauley's disability if she is found to be disabled is potentially significant. Appellee's br. at 12. See also Appellant's br. at 43 n.10. Moreover, the Commissioner in the first instance

should consider the impact of McCauley's morbid obesity which she acknowledges is a germane factor. Appellee's br. at 13.

In reaching our result we point out that our opinion in <u>Newell</u> was not rendered before the district court's disposition of this case and thus the parties did not have the benefit of it at any stage of the proceedings in this case prior to this appeal. Indeed, we had not even decided the earlier case of <u>Beasich v. Commissioner</u>, 66 Fed. Appx. 419, 2003 WL 21299604, No. 02-3627 (3d Cir. June 6, 2003), a not precedential opinion on which McCauley relies and which is similar to <u>Newell</u>, until after the district court ruled in this matter. Certainly on the remand the Commissioner should consider <u>Newell</u>.

For the foregoing reasons we will vacate the order of March 11, 2003, and will remand the case to the district court which in turn should remand it to the Commissioner for further proceedings consistent with this opinion.

---