

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2006

# Nieves v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4770

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nieves v. Comm Social Security" (2006). *2006 Decisions.* Paper 360.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/360

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No.  05-4770

DENNIS NIEVES,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

On Appeal from the United States District Court
for the District of New Jersey
District Court No. 04-cv-04266
District Judge:  Hon. John W. Bissell

Submitted under Third Circuit LAR 34.1(a)
on July 11, 2006

Before: SMITH, ALDISERT, and ROTH, Circuit Judges

( Filed : October 4, 2006)

O P I N I O N

**ROTH**, Circuit Judge:

## I.      Factual Background and Procedural History

This is an appeal from a District Court order affirming an Administrative Law Judge's (ALJ) final determination, denying the petitioner's request for Disability Insurance Benefits (DBI) and Supplemental Social Security Income (SSI) payments under the Social Security Act, 42 U.S.C. § 423, et seq. Because the parties are familiar with the facts leading up to this appeal, we will provide only a brief synopsis here.

In July of 2001, Nieves filed an application for DBI and SSI payments with the Social Security Administration (SSA) alleging that he was disabled due to complications from diabetes and hypertension that began in January of 2001. The SSA rejected both Nieves's application when initially presented and upon reconsideration. Nieves then requested and received a hearing before an ALJ, which was granted and held in March of 2003. In August of 2003, the ALJ determined that Nieves was ineligible for DBI and SSI payments under §§ 216(I), 223, 1602, 1614(a)(3)(A) of the Social Security Act. Nieves next requested and received a review by the Appeals council, which denied his claim in July of 2004. Having exhausted his claim before the SSA, Nieves filed a complaint with the New Jersey District Court claiming that the decision of the ALJ and the Appeals Council's subsequent affirmation of that decision were clearly erroneous in both law and fact. The District Court reviewed the ALJ's decision and concluded that it was supported by substantial evidence. This appeal followed, and for reasons set forth below, we will affirm.

## II.      Jurisdiction and Standard of Review

The District Court had subject matter jurisdiction under 42 U.S.C. § 405(g).  We have jurisdiction pursuant to 42 U.S.C. § 405 and 28 U.S.C. § 1291.

We review the Commissioner's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999).  "Substantial evidence is such relevant evidence as a reasoning mind might accept as adequate to support a conclusion."  Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981) (citing Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980) and 42 U.S.C. s 405(g)).  The substantial evidence standard is deferential, and that deference carries over to inferences that can be drawn from properly supported factual findings.  Schaudeck, 181 F.3d at 431.  In determining whether there is substantial evidence to support the SSA's conclusions, we consider the record as a whole.  Id.  We review legal issues under our familiar plenary standard.  Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995).

## III.      Discussion

## A.  General Standards for Obtaining Disability Payments

To establish entitlement to Title II insurance benefits an individual must show that he is disabled.  42 U.S.C. § 423.  The Social Security Act defines disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42

3

U.S.C. § 423(d)(1)(A). A physical or mental impairment, in turn, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). To qualify as disabled, in addition to being unable to return to one's previous work, a person must not, given his age, education, and work experience, be able to engage in any other kind of substantial gainful employment. 42 U.S.C. § 423(d)(2)(A).

The SSA has established a five-step process that an ALJ must utilize in determining whether to award disability benefits. In step one, the ALJ determines whether the claimant is currently engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(i). If the answer is yes, then the inquiry is over, and the ALJ denies the application. If the answer is no, step two requires the ALJ to assess whether the claimant has a "severe impairment" or "combination of impairments." 20 C.F.R. § 404.1520(a)(ii). If there are no severe impairments then the claimant is not disabled, and the ALJ denies benefits. If the claimant's condition survives the first two steps, the ALJ then determines whether the impairment meets or exceeds those listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If it does, the claimant is considered disabled, qualifying him for disability benefits. If it does not, however, then the ALJ must move to step four, which requires a determination of whether the limits imposed by the impairment prevent the claimant from returning to past relevant work (PRW). 20 C.F.R. § 404.1520(iv). This step-four inquiry is designed to calculate the claimant's residual functional capacity (RFC) and compare it to the requirements of the

4

claimant's PRW. If the claimant has a RFC that does not preclude him from functioning properly at his PRW, the claimant is not disabled, and benefits will be denied. 20 C.F.R. § 404.1520(f). Finally, if the claimant cannot perform PRW, disability still will not be found if the SSA can show that the claimant is capable of performing other work in the national economy considering the claimant's age, education, and previous work experience. 20 C.F.R. § 404.1520(a)(v). Until step five, the burden is on the claimant to show a disability. Bowen v. Yuckert, 482 U.S. 137, 146-47 n.5 (1987).

## 1. Applying the SSA Test to the Petitioner's Claim

The ALJ determined that Nieves was not disabled within the meaning of the SSA on account of his ability to perform PRW. The ALJ made a thorough investigation of the medical evidence submitted, and based on the findings in those reports, assessed the petitioner's ailments under the SSA's five step evaluation. The ALJ first determined that Neives was not engaged in substantial gainful activity. Having passed step one of the test, the ALJ next considered whether the petitioner Nieves had a severe impairment. In light of the medical evidence in the record, the ALJ determined that Nieves's diabetes and hypertension were severe, but not severe enough as to meet or exceed those listed under 20 C.F.R. Pt. 404, Subpt. P, App. 1.[1] Thus, the ALJ was required to consider whether

---

[1] In order to qualify as severely disabled on account of diabetes under 20 C.F.R. Pt. 404, Subpt. P, App. 1, a person must be able to demonstrate:

    A.    Neuropathy demonstrated by significant and persistent disorganization or motor function in two extremities resulting in

5

Nieves's diabetes and hypertension prevented him from performing PRW. The ALJ concluded that Nieves's occupation as a security guard required only light work[2] and that his diabetes and hypertension would not prevent him from performing the duties associated with that job. Having concluded that the petitioner was not precluded from performing his PRW, the ALJ found Nieves ineligible for DBI and SSI and denied them accordingly.

## 2. ALJ's Treatment of the Medical Evidence

Nieves argues that the ALJ's finding that he was not disabled was not supported by substantial evidence. Specifically, Nieves attests that the ALJ inappropriately determined that he was able to perform light work, alleging that the ALJ's determination failed to consider evidence presented by the petitioner refuting such a finding. The District Court concluded that the ALJ's decision on this issue was sufficiently supported by substantial evidence in the record and that the ALJ gave due consideration to the evidence presented

---

sustained disturbance of gross and dexterous movements, or gait and station . . .

B.    Acidosis occuring at least on the average of once every 2 months documented by appropriate blood chemical tests . . .

C.    Retinitis proliferans; evaluate the visual impairment under the criteria in 2.02, 2.03 or 2.04.

[2]Light work consists of activities which require a person to lift no more than twenty pounds at a time, with frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). Light work may also consist of jobs that entail a significant amount of walking, as well as jobs requiring one's pushing and pulling of arm and leg controls.

by the petitioner. We agree.

The ALJ's decision was based on several qualified professional medical opinions. The ALJ relied upon a report submitted by Dr. R.C. Patel, who noted that the petitioner, while exhibiting symptoms of diabetes mellitus, had no evidence of neuropathy or any vascular involvement as a result of the diabetes. Next, the ALJ cited to the report of Dr. Theodore Turner, a state agency physician. Dr. Turner examined all available medical evidence, including the report submitted by Dr. Patel, and concluded that the petitioner had no exertional limitations. Finally, the ALJ also relied on two 2001 reports from Trinitas Hospital finding the petitioner to be "asymptomatic," noting additionally that the petitioner had actually run out of his insulin five days prior to his appointment.

Based on these reports, the ALJ reasonably concluded that the petitioner's ailments did not impose any limitations that would prohibit his returning to his PRW. As we noted in Plummer v. Apfel, the report of a treating physician "should be accorded great weight." 186 F.3d 422, 429 (3d Cir. 1999). Here, the ALJ's decision is consistent with the report of not one, but three treating physicians. Consequently, the ALJ's decision is supported by sufficient evidence.

The petitioner's assertion that the ALJ did not give adequate consideration to the medical evidence the petitioner supplied is erroneous. The petitioner relies upon a medical report submitted by Dr. Sanchez-Pena, in which the doctor asserts that because of Nieves's diabetes, the petitioner is unable to stand or walk for more than four hours in an eight hour

7

work day.  Standing alone, the report of Dr. Pena would indicate that Nieves is unable to perform PRW.  However, because of the existence of evidence to the contrary, the ALJ was not bound to render his decision solely based on the findings of this report.  While an "ALJ is not free to employ her own expertise against that of a physician[s] . . . where a conflict in the evidence exists, the ALJ may choose whom to credit," so long as the ALJ's decision puts forth "some" reason for rejecting one set of evidence in favor of another.  Id.

In this case, the ALJ sets forth several reasons for rejecting the report of Dr. Pena.  First, the ALJ found Dr. Pena's report was unsupported by proper test results and inconsistent with factual evidence.  Next, the ALJ pointed out that further findings by Dr. Pena as to the petitioner's limited mobility were also inconsistent with past findings.  Finally, the ALJ asserted that Dr. Pena's report contained no new objective evidence to support the petitioner's claim that his neuropathy had sufficiently increased.  Because the ALJ cited adequate support for his decision to accept the medical conclusions of several treating physicians over that of a doctor with inconsistent results, we find the ALJ's decision to have been based on substantial evidence.[3]

## IV.    Conclusion

---

[3]Our determination is in no way swayed by the fact that in October of 2003 an ALJ determined that the petitioner was disabled.  As per 42 U.S.C. § 405(g), our review is limited to the evidence in the record at the time of the 2001 decision of the ALJ and we are therefore not required, nor able, to consider this subsequent ALJ ruling when rendering our decision.

The ALJ's decision regarding the petitioner's ability to perform PRW is supported by substantial evidence. Accordingly, we will affirm the decision of the District Court.