**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 15-3336

———————

GREGORY K. WELSH,

Appellant

v.

COMMISSIONER SOCIAL SECURITY

———————————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:14-cv-01731)
District Judge: Honorable Jan E. DuBois

———————————————————

Submitted under Third Circuit LAR 34.1(a)
on Tuesday, June 7, 2016

Before: CHAGARES, KRAUSE, and SCIRICA, *Circuit Judges*

(Opinion filed: October 4, 2016)

———————

OPINION[*]

———————

KRAUSE, *Circuit Judge*.

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

Before this Court is Gregory Welsh's appeal of the Order of the District Court, affirming the final decision of the Commissioner of Social Security that denied him Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. That decision also denied him Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f, for the period prior to December 12, 2012. For the reasons set forth below, we will affirm.

**I. Background**

Welsh has not worked full-time since the summer of 1998, when he injured his right foot while working for Amtrak. The details of his symptoms and medical treatment are laid out in the Administrative Law Judge's ("ALJ") opinion dated July 18, 2013. In November 2012, Welsh filed applications for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act, alleging a disability onset date of June 30, 2008. Applying our five-step test pursuant to *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999), the ALJ concluded Welsh did not become disabled until December 12, 2012, more than four years after his eligibility for disability benefits expired.[1] Accordingly, his application for Disability Insurance Benefits was denied, and his application for Supplemental Security Income was remanded to the Social Security Administration for an assessment of whether Welsh satisfied the requisite non-disability requirements for the period beginning on December 12, 2012.

---

[1] To be eligible for Disability Insurance Benefits, Welsh had to show he became disabled prior to September 30, 2008, the date his insured status expired.

2

Welsh requested review of the ALJ's decision by the Appeals Council, which denied that request on February 3, 2014, and Welsh then filed a civil action in the District Court, which affirmed the Commissioner's disability determination. We are now called upon to review that affirmance by the District Court.

## II. Discussion[2]

On appeal, Welsh contends the ALJ erred in determining that his disability onset date was December 12, 2012. Our review of the District Court's application of legal principles is plenary, *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995), and we apply the same standard of review as the District Court, to determine whether the Commissioner's final decision is supported by substantial evidence, *see* 42 U.S.C. § 405(g); *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012). Substantial evidence "is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 503 (3d Cir. 2009) (quoting *Plummer*, 186 F.3d at 427). "Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently." *Hagans*, 694 F.3d at 292 (quoting *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)).

In support of his contention that the ALJ should have found an earlier onset date, Welsh advances four arguments. First, Welsh argues remand is required because the ALJ, in violation of Social Security Ruling 83-20, "'ignored' nearly all of the [medical]

---

[2] The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

evidence and required considerations" in determining the date on which Welsh's ailments rendered him disabled.[3]  Appellant's Br. 26 (emphasis omitted).  Under Social Security Ruling 83-20, medical evidence serves as the principal element in determining onset for disabilities of nontraumatic origin.  SSR 83-20, 1983 WL 31249, at *2.  When the disability is one of nontraumatic origin, as is the case here, the ALJ must consider the applicant's alleged onset date; his or her work history; medical reports describing the applicant's examinations or treatment; and, in cases lacking sufficient medical evidence of onset, other evidence about the severity of the applicant's impairments over time.  *Id.* at *2-4; *see Fargnoli*, 247 F.3d at 41.

Here, the ALJ did, in fact, consider Welsh's work history and the medical evidence in its entirety, and she concluded that they were inconsistent with his alleged onset date of June 30, 2008.  During a hearing, the ALJ observed that Welsh received no medical treatment from 2006 through 2011, notwithstanding his receipt of a $70,000 settlement from Amtrak in 2002; and that treatment notes written by his treating physician in November of 2012 indicated that the reason Welsh stopped working part-time in 2010 was because he was taking care of his children, not because his medical

---

[3] An individual is disabled and eligible for Disability Insurance Benefits under the Social Security Act if, "by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months," he or she is unable to engage in any substantial gainful activity.  42 U.S.C. § 423(d)(1)(A); *see Fargnoli*, 247 F.3d at 38-39; 20 C.F.R. § 404.1505(a).  An individual is disabled and eligible for Supplemental Security Income under the Social Security Act if he or she cannot perform his or her previous work "but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Id.* § 1382c(a)(3)(B).

4

condition rendered him incapable of employment. And the ALJ observed in her opinion that, prior to December 12, 2012, Welsh's medical records show minimal treatment with limited objective findings and with mental health treatment only as of September 2012. The ALJ thus satisfied her obligation to review all pertinent medical evidence and work history in determining Welsh's disability onset date.

Second, Welsh argues that the ALJ erred in failing to consult a medical advisor to establish an onset date. Social Security Ruling 83-20 provides that an ALJ should enlist a medical advisor when onset must be inferred, or, in other words, when the medical evidence concerning the date on which the claimant became disabled is ambiguous. SSR 83-20, 1983 WL 31249, at *2-3. In Welsh's case, however, there was no such ambiguity. On the contrary, in selecting the onset date of December 12, 2012, the ALJ properly gave controlling weight to the evaluation of Welsh's treating physician on that date, took account of Welsh's minimal treatment record prior to December 12, 2012, and attached appropriate significance to Welsh's relatively active lifestyle (which included evidence of some construction work, driving, caring for his children, attending church, cooking, and doing laundry) before December 12, 2012. According to Social Security Ruling 96-2p, "[i]f a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it *must* be given controlling weight; i.e., it must be adopted." SSR 96-2p, 61 Fed. Reg. 34,490, 34,490 (July 2, 1996). That standard was satisfied here, and the ALJ thus did not err in failing to consult a medical advisor.

5

In support of his position that a medical advisor was required, Welsh cites two cases, both of which are distinguishable. In *Walton v. Halter*, determining an onset date was particularly difficult because the physician who treated the claimant around the time of his alleged onset date was no longer in practice when the disability hearing was held nearly thirty years later, nor had he retained his treatment records. 243 F.3d 703, 705-06 (3d Cir. 2001). This Court thus reversed the judgment of the District Court affirming the Commissioner's denial of benefits because we concluded that, in the absence of treatment records, the ALJ should have consulted a medical advisor to determine the onset date, rather than relying on his own lay analysis. *Id.* at 709. In Welsh's case, in contrast, there is no dearth of medical evidence as a result of a 28-year gap between the alleged onset date and the ALJ's determination; treatment records are available and they support the ALJ's finding as to the onset date.

In *Newell v. Commissioner of Social Security*, the other case cited by Welsh, the medical evidence was deemed ambiguous because the record showed that the claimant, who did not seek treatment for an injury until nine months after her eligibility for benefits expired, earned very little income during the germane period and was uninsured, thereby supporting her claim that she could not afford treatment. 347 F.3d 541, 543, 547 (3d Cir. 2003). Moreover, the severity of her injury rendered her completely unable to work, even on a part-time basis. *See id.* at 543. Welsh, in contrast, received a $70,000 settlement from Amtrak in 2002; earned $23,000 in other income in 2006; and, according to medical records, engaged in some construction work in 2011. And even though Welsh did not have medical insurance in October 2011, his extensive treatment history weakens

6

any contention that he could not afford to pay for a medical examination establishing his disability. Unlike the claimant in *Newell*, Welsh's lack of a medical examination establishing his disability prior to the expiration of his eligibility for benefits cannot be explained by inability to pay, and the severity of his symptoms is undermined by evidence of his employment in construction. Here, there simply is no ambiguity in the record that would require the use of a medical advisor.

Welsh's third argument – that the ALJ's onset date is not supported by substantial evidence – also fails. In pointing to evidence of foot and ankle pain in April 1999, Welsh confuses the onset of symptoms with the onset of disability. Welsh's minimal treatment prior to December 2012 and his denial of joint pain, joint swelling, back pain, muscle weakness, muscle aches, and loss of strength at his November 21, 2012 examination suggest no functional limitations severe enough to preclude him from substantial gainful employment at the time his eligibility for Disability Insurance Benefits expired in 2008. Indeed, doctors noted Welsh's possible continued employment in both April and October 2011, and in January 2013, a physician opined a "light duty job" was not out of the question. Given this record, the ALJ's onset date is supported by substantial evidence.

Finally, Welsh argues it was reversible error for the ALJ to accept, without further probing, the vocational expert's testimony regarding the nature and availability of certain sedentary, unskilled jobs Welsh could have worked prior to December 2012. The record reflects, however, that Welsh had the opportunity to challenge the vocational expert's methodology and status as an expert, or to offer conflicting testimony regarding specific job numbers available in the region. He simply failed to do so.

To the extent Welsh takes issue with the ALJ's refusal to allow his counsel to question the vocational expert specifically about how she used her personal work experience to determine the number of available jobs in the area, we also find this argument unavailing. In support of his argument, Welsh directs us to *Donahue v. Barnhart*, a case in which the Seventh Circuit held that if the basis for a vocational expert's conclusions is questioned, "the ALJ should make an inquiry (similar though not necessarily identical to that of [Federal Rule of Evidence] 702) to find out whether the purported expert's conclusions are reliable."[4] 279 F.3d 441, 446 (7th Cir. 2002). The Seventh Circuit's requirement, however, "has not been a popular export." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 449 (2d Cir. 2012) (citing several unpublished district court decisions disagreeing with *Donahue*). We have not adopted it, nor has any court outside the Seventh Circuit. *See id.* And with good reason, as the governing statute provides by its terms that "[e]vidence may be received at any hearing before the Commissioner of Social Security even though inadmissible under rules of evidence applicable to court procedure." 42 U.S.C. § 405(b)(1); *see also Bayliss v. Barnhart*, 427

_____

[4] Rule 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
    (b) the testimony is based on sufficient facts or data;
    (c) the testimony is the product of reliable principles and methods; and
    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). Accordingly, we reject Welsh's argument and conclude the ALJ did not err in accepting, without further probing, the vocational expert's testimony.[5]

## IV. Conclusion

For the foregoing reasons, we conclude the District Court did not err in affirming the Commissioner's denial of Welsh's Disability Insurance Benefits claim and his Supplemental Security Income claim for the period before December 12, 2012, and we will affirm the judgment of the District Court.

---

[5] To the extent Welsh argues that the ALJ deprived him of procedural due process because she cut short his attorney's cross examination of the vocational expert, this argument is forfeited because Welsh failed to raise it in the District Court. *See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1298 (3d Cir. 1999).