**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3244
_____

JEANANGELA MICHELE CURRIER,
                                    Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05158)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 20, 2020
Before:  KRAUSE, MATEY, and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2020)
_____

OPINION*
_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jeanangela Currier appeals from an order of the United States District Court for the Eastern District of Pennsylvania, which denied her request for review of a decision of the Social Security Administration. We will affirm the District Court's judgment.

Currier applied for supplemental security income ("SSI"—disability benefits) in 2013, and for divorced widow's benefits ("DWB") in 2014. After a hearing before an Administrative Law Judge ("ALJ"), Currier's case was assigned to another ALJ for decision. Her claims were denied, as was her appeal to the Appeals Council.

Currier then filed a counseled request for review with the District Court. She raised four issues: (1) the second ALJ erred in failing to hold a new hearing after the matter was reassigned, as the first ALJ failed to hold a fair hearing; (2) the ALJ failed to document the vocational expert's ("VE") qualifications before allowing the VE to testify; (3) the ALJ failed to proffer and improperly relied on extra-record evidence; and (4) the ALJ misinterpreted and mis-weighed the evidence. The Magistrate Judge rejected each of Currier's arguments, and the District Court adopted the Magistrate Judge's recommendation to deny Currier's request for review of the agency decisions. Currier's attorney withdrew and Currier filed a timely, pro se notice of appeal. The parties inform us that in the meantime, Currier was granted SSI benefits on a later application, with a disability beginning on February 26, 2018.

We have jurisdiction to review the District Court's decision under 28 U.S.C. § 1291, but we agree with the Government that Currier does not appear to be challenging

2

that decision. Currier may have believed, based on a letter from her former attorney, that she was required to file this appeal. She refers to the appeal as "superfluous" throughout her brief.[1] Currier does, however, appear to seek review of the agency's denial of her DWB claim. We could decline to reach the issue, as Currier did not raise a challenge to that denial in the District Court. See Krysztoforski v. Chater, 55 F.3d 857, 860-61 (3d Cir. 1995) (per curiam). But in any event, the challenge lacks merit. Currier's DWB claim required a showing that she was disabled on or before May 31, 2002, Dkt. #7-2 at 23 (R. 22), but the agency precluded her claim, as it had determined in a 2010 decision that she was not disabled during that period, id. at 22 (R. 21). Currier has not explained why preclusion was not appropriate.

For all of these reasons, we will affirm the District Court's judgment.

---

[1] In any event, we do not discern any error in the District Court's decision. Although the first ALJ may have displayed some intemperance in the hearing, we do not believe that the ALJ's behavior rose to the level of violating Currier's due process rights to a full and fair hearing. Cf. Ventura v. Shalala, 55 F.3d 900, 905 (3d Cir. 1995). As to the claims that the first ALJ erred by failing to establish the VE's credentials and the second ALJ failed to provide a citation for her interpretation of a disability assessment score, we agree with the District Court's determination that Currier failed to establish that she was prejudiced by any such failures. Report and Recommendation, Dkt. #15 at 22, 26-27. Finally, we agree that the ALJ did not misinterpret or mis-weight the evidence, and that her decision was supported by substantial evidence. Id. at 27-38; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1153-54 (2019) (noting that court's review of ALJ's decision is limited to whether it substantial evidence supports it and that "the threshold for such evidentiary sufficiency is not high").