

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2008

# Jones v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4220

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jones v. Comm Social Security" (2008). *2008 Decisions.* Paper 1316.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1316

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-4220

———————

DARLENE JONES,
                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 06-cv-01778)
District Judge:  Honorable Gene E. K. Pratter

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 28, 2008)

———————

OPINION

———————

PER CURIAM

Darlene Jones appeals the District Court's decision affirming the Commissioner's

denial of her request for benefits.  We will affirm.

In May 2003, Jones filed applications for disability insurance benefits and

supplemental security income.  Jones alleged disability because of hepatitis C, high blood pressure, depression and knee and lumbar impairments.  After Jones' applications were denied, she received a hearing before an Administrative Law Judge ("ALJ").  The ALJ found that Jones was not disabled under the Social Security Act and the Appeals Council denied her request for review.

The ALJ found that Jones had medically determinable lumbar, knee, hepatitis C and depression impairments.  Although these constituted a "severe" combination of impairments under the regulations, the ALJ found at step three of the five-step sequential evaluation that they did not equal a Listed Impairment.  See Ramirez v. Barnhart, 372 F.3d 546, 550-51 (3d Cir. 2004) (describing 5-step process).  Rather, the ALJ determined that Jones retained the residual functional capacity ("RFC") to perform the functional demands of a restricted range of sedentary level exertional work.  According to the ALJ, while Jones was incapable of performing her past relevant work, she was capable of making an adjustment to work which exists in significant numbers in the national and regional economy.  The District Court, adopting the Magistrate Judge's Report and Recommendation over Jones' objections, affirmed the Commissioner's decision.

The District Court had jurisdiction under 42 U.S.C. § 1383(c)(3), which incorporates 42 U.S.C. § 405(g) by reference.  We have jurisdiction over Jones' appeal under 28 U.S.C. § 1291.  We exercise plenary review of the District Court's legal conclusions.  Allen v. Barnhart, 417 F.3d 396, 398 (3d Cir. 2005).  We review the factual

2

findings in the ALJ's decision for substantial evidence. <u>Rutherford v. Barnhart</u>, 399 F.3d 546, 552 (3d Cir. 2005).

On appeal, Jones, proceeding pro se, does not raise any legal issues and only alleges that she is disabled because she has impairments and takes medication. We will assume that Jones is attempting to challenge the District Court's legal conclusions and the ALJ's factual findings regarding her disability.[1] We agree with the District Court and will adopt its reasoning.

There was substantial evidence in the record to support the ALJ's conclusion that Jones' reduced bilateral grip strength, possible left-sided carpal tunnel syndrome and obesity were not severe impairments. <u>See</u> <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). Further, there is substantial evidence to support the ALJ's finding that the evidence in Jones' medical records discredited her subjective complaints regarding the severity of her back pain. The ALJ properly considered, discussed and weighed the relevant evidence pertaining to Jones' disability allegations. <u>Id.</u> at 42.

The District Court also properly concluded that Jones' obesity was factored indirectly into the ALJ's decision based on her doctors' opinions. <u>See</u> <u>Rutherford</u>, 399 F.3d at 552-53. Further, while Jones took issue with a discrepancy between the Vocational Expert's testimony and the examples of jobs the ALJ found she could

---

[1] Jones' argument that she is disabled because of the number of medications she takes was not raised in the District Court and is therefore waived. <u>See</u> <u>Krysztoforski v. Chater</u>, 55 F.3d 857, 860-61 (3d Cir. 1995) (per curiam).

perform, there is substantial evidence to support the finding that Jones is able to perform a limited range of sedentary work and that such work exists in the national economy. See 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); see also Jones v. Barnhart, 364 F.3d 501, 505-06 (3d Cir. 2004) (the three enumerated occupations in ALJ's report are merely examples and not a complete list of the sedentary work claimant can perform).

Finally, the ALJ's RFC finding is also supported by substantial evidence and the hypothetical question posed to the Vocational Expert accurately reflected Jones' clearly established physical and mental impairments. See Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002) (quoting Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)). The ALJ also properly considered Jones' ability to handle stress in assessing her RFC to perform work.

For the reasons set forth above, we will affirm the judgment of the District Court.