**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
——————

No. 17-2214
——————

HYON HUI SCOUTEN,
                                    Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1-15-cv-02084)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 19, 2018

Before:  SMITH, *Chief Judge*, GREENAWAY, JR., and KRAUSE, *Circuit Judges*

(Opinion filed: January 22, 2018 )
——————

O P I N I O N\*

————————————

    \* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Hyon Hui Scouten appeals the District Court's judgment affirming the Commissioner of Social Security's denial of her claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. For the reasons set forth below, we will affirm.

## I.     Background

As the decision of the Administrative Law Judge (ALJ) recounted in detail, Scouten claims disability based on physical impairments, such as compression fractures of the thoracic and lumbar spine and knee pain, and the mental impairment of depression. In September 2012, Scouten filed an application for disability insurance benefits, alleging a disability onset date of April 15, 2007. After the Social Security Administration denied her application, Scouten requested a hearing before an ALJ.

Applying the sequential evaluation process under 20 C.F.R. § 404.1520(b)–(g), the ALJ determined that Scouten was not disabled at any time from the alleged onset date through December 31, 2011, the date she was last insured. The ALJ found that Scouten's compression fractures and knee pain were severe physical impairments but that she did not have a severe mental impairment. The ALJ further found that Scouten had the residual functional capacity to perform light work and that she could perform jobs that existed in significant numbers in the national economy. Based on these findings, the ALJ

determined that Scouten was not disabled and therefore not eligible for disability benefits.

After the Appeals Council denied Scouten's request for review of the ALJ's decision, Scouten sought review in the District Court, which affirmed the Commissioner's determination. This appeal followed.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 42 U.S.C. § 405(g), and we have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over all legal issues, *Krysztoforski v. Chater*, 55 F.3d 857, 858 (3d Cir. 1995), but we must accept the ALJ's factual findings if supported by substantial evidence, *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012). Substantial evidence is "more than a mere scintilla" or "such relevant evidence as a reasonable mind might accept as adequate." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)).

## III. Discussion

Scouten raises four arguments in support of her contention that the determination of the ALJ was not supported by substantial evidence. None is persuasive.

First, Scouten argues that the ALJ did not give enough weight to the opinion of her treating primary physician, Dr. Prince, that she had a limited physical capacity and could not sit or stand for more than three hours a day. We disagree. A treating source's opinion is not entitled to controlling weight if it is "inconsistent with the other substantial

3

evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). The ALJ considered Dr. Prince's opinion, which was offered after the date Scouten was last insured, and found it inconsistent with the physician's contemporaneous medical records from the relevant period indicating Scouten's normal gait and strength, full range of motion, and intact sensation. The ALJ was entitled to consider the complete medical record and to place greater reliance on the contemporaneous entries than on the doctor's later, inconsistent opinion. *See Plummer*, 186 F.3d at 430.

Second, Scouten challenges the ALJ's finding that her depression was not a severe impairment, asserting that the ALJ improperly credited a non-examining psychological consultant over her treating psychiatrist, Dr. Berger. Yet, because Dr. Berger's opinion, like Dr. Prince's, was inconsistent with her medical records and was based on a short treatment history that began well after the date she was last insured, the ALJ was entitled to give the opinion limited weight. *See* 20 C.F.R. § 404.1527(c)(2) (explaining that the weight given to a medical opinion depends on factors including the "[l]ength of the treatment relationship," the "[n]ature and extent of the treatment relationship," and the opinion's "[c]onsistency . . . with the record as a whole"). Even accepting, as Scouten contends, that the consultant's opinion was based on an incomplete record, the ALJ himself did consider the complete record and determined that it was consistent with the consultant's conclusion, and the ALJ, not physicians or consultants, must make the ultimate disability determinations. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356,

4

361 (3d Cir. 2011). Accordingly, we conclude that the ALJ's finding that Scouten did not have a severe mental impairment is supported by substantial evidence.

Third, Scouten challenges the ALJ's finding that her own testimony was only partially credible. The ALJ considered Scouten's testimony about the intensity, persistence, and limiting effects of her symptoms but found that the objective medical evidence—which revealed routine, conservative, and limited treatment—was inconsistent with the severity of her assertions. Substantial evidence therefore supports the ALJ's finding that Scouten's testimony was only partially credible. *See Burns v. Barnhart*, 312 F.3d 113, 130 (3d Cir. 2002).

Finally, Scouten argues that the ALJ, without proper explanation, failed to credit her husband's testimony, but again, the record demonstrates otherwise. The ALJ discussed Scouten's husband's testimony in detail, and then considered the other evidence in the record, including Scouten's MRI results and contemporaneous treatment records, that undermined his testimony. In light of this comprehensive review, we are satisfied that the ALJ fulfilled his "duty to hear and evaluate all relevant evidence." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981); *see* 20 C.F.R. § 404.1520(a)(3).

## IV.    Conclusion

For the reasons stated above, we will affirm the judgment of the District Court upholding the Commissioner's denial of Scouten's disability claim.